FILED
2017 May-03 PM 12:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAMIRO CERVANTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 2:16-cv-8130-LSC |
| ) | (2:02-cr-196-LSC-JHE) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

Petitioner Ramiro Cervantes ("Cervantes") filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to his motion. For the following reasons, the motion is due to be denied.

**I.     Background**

Cervantes was found guilty by a jury on August 7, 2002, of one count of Conspiracy to Distribute a Mixture and Substance containing Methamphetamine in violation of Title 18, United States Code, Sections 846, 841(a)(1) and (b)(1)(A). On January 23, 2003, Cervantes was sentenced to a total prison term of 324 months.

1

Following the imposition of his sentence, Cervantes pursued a direct appeal, and on December 12, 2003, the Eleventh Circuit Court of Appeals affirmed his sentence in a 16-page unpublished opinion.

On February 28, 2005, Cervantes filed a motion pursuant to § 2255, raising the same three arguments that the Court of Appeals had rejected in his direct appeal. *See* Case No. 2:05-cv-08017-LSC-RRA. This Court denied his motion and dismissed the action on August 20, 2007.

On July 5, 2016, Cervantes filed the instant motion.

## II. Discussion

Cervantes contends that the "Retroactive Redesignation of Petitioner's Felony to a Misdemeanor under California Proposition 47," makes him eligible for a corrected sentence. However, this Court lacks jurisdiction to consider his motion.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Cervantes has received such authorization

from the Eleventh Circuit. Therefore, his motion is due to be dismissed for lack of jurisdiction.

Even if this Court possessed jurisdiction, Cervantes' motion would be due to be dismissed as time-barred. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year period in which a motion for post-conviction relief under § 2255 must be filed. Under the AEDPA, the one-year period in which to file a motion under § 2255 begins to run from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Cervantes has not indicated that the second, third, and fourth potential triggering events are applicable in this case. It is a petitioner's burden to set forth adequate facts to establish that he is entitled to relief, and failure to do so is fatal.

*See LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"). Considering the first triggering event, judgment was entered in this case on January 23, 2003. Since Cervantes did file an appeal, and the judgment was affirmed on December 12, 2003, his conviction became final on or about March 12, 2004, 90 days after the mandate was issued. On the following day, the AEDPA statute of limitations clock began to run and did so for one year, until approximately March 13, 2005, at which point the time for filing this action expired. Cervantes filed his first habeas motion on February 28, 2008. He mailed his second habeas motion on June 29, 2016, over eight years after the limitations period expired. Since Cervantes is clearly outside the one-year limitations period for filing a § 2255 petition, his motion is time-barred and would be due to be denied even if this Court possessed jurisdiction.

## IV. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied for lack of jurisdiction. Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist

would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Cervantes' claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Cervantes motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON May 3, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704